IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| ANDREA AUDISH and LISIA HALL, on behalf of themselves and others similarly situated, | : : : : | No. |
| Plaintiffs, | : : : | |
| v. | : : : | **COMPLAINT – CLASS ACTION** |
| AMERICAS HEALTH CENTER INC., | : : : | **JURY TRIAL DEMANDED** |
| Defendant. | : : | |

Plaintiffs Andrea Audish and Lisia Hall (hereinafter referred to as "Plaintiffs"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of her counsel, and on information and belief, as follows:

## NATURE OF ACTION

1. As the Supreme Court explained at the end of its last term, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (July 6, 2020).

2. This case involves a campaign by Americas Health Center Inc. ("Americas Health") to market its services to telephone numbers registered with the National Do Not Call

Registry ("NDNCR") in plain violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. (hereinafter referred to as the "TCPA").

3. The recipients of Americas Health's illegal calls, which include Plaintiffs and the proposed class, are entitled to damages under the TCPA because the type of calling done by Americas Health is typically done *en masse*, and the appropriate vehicle for their recovery is a class action lawsuit.

## PARTIES

4. Plaintiff Andrea Audish is, and at all times mentioned herein was, an individual citizen of Texas.

5. Plaintiff Lisia Hall is, and at all times mentioned herein was, an individual citizen of Georgia.

6. Defendant Americas Health Center Inc. is a Florida corporation headquartered in Boca Raton, Florida, in this District.

## JURISDICTION AND VENUE

7. This Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

8. This Court has specific personal jurisdiction over Americas Health because the company resides in this District.

9. Venue is proper pursuant to 28 U.S.C. §§ 1391(b)(1)-(2) because the telephone calls at issue were directed from this District and Defendant resides here.

## TCPA BACKGROUND

<u>The National Do Not Call Registry</u>

10. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

11. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

12. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

## FACTUAL ALLEGATIONS

13. Defendant Americas Health Center is a "person" as the term is defined by 47 U.S.C. § 153(39).

14. Plaintiff Audish's residential telephone number, 281-889-XXXX, is registered on the National Do Not Call Registry and had been for more than 31 days prior to the calls in this action.

15. Plaintiff Audish's telephone number, 281-889-XXXX, is used for personal, residential purposes.

16. Plaintiff Audish's residential telephone number, 281-889-XXXX, is not associated with a business.

17. Plaintiff Audish received at least three telemarketing calls from the Defendant.

18. The Defendant called 281-889-XXXX on April 19 and 21, 2021.

19. The calls solicited the Plaintiff to purchase a health insurance policy from Defendant.

20. During at least one of the calls, the Plaintiff engaged the telemarketer to verify that it was Americas Health Center's services being promoted.

21. She confirmed that it was, including by being provided the website www.americashealthcenter.net on April 19.

22. After receiving the second call, the Plaintiff Audish called back the number that called her and confirmed that the same individual that spoke to her on April 19 worked for the company.

23. Plaintiff Hall's residential telephone number, 470-276-XXXX, is registered on the National Do Not Call Registry and had been for more than 31 days prior to the calls in this action.

24. Plaintiff Hall's telephone number, 470-276-XXXX, is used for personal, residential purposes.

25. Plaintiff Hall's residential telephone number, 470-276-XXXX, is not associated with a business.

26. Plaintiff Hall received at least seven telemarketing calls from the Defendant.

27. The Defendant called 470-276-XXXX on April 21, 23, 2021 as well as May 3, 4, 6, and 7, 2021.

28. During multiple calls the Plaintiff Hall informed the Defendant that she was not interested.

29. The calls were intended to solicit the Plaintiff to purchase a health insurance policy from Defendant and the final call on May 11, 2021 did make such a soliciation.

30. The communications with Defendant demonstrate that calls were made for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services. The calls therefore qualified as telemarketing.  47 C.F.R. § 64.1200(f)(12).

31. Plaintiffs did not provide their prior express written consent to receive the telemarketing calls at issue.

32. Plaintiffs also did not have a prior relationship with the Defendants, and had not previously communicated with Defendants.

33. Plaintiffs and all members of the Class, defined below, have been harmed by the acts of Defendant because their privacy has been violated, and they were annoyed and harassed.

## CLASS ACTION ALLEGATIONS

34. Plaintiffs bring this action on behalf of themselves and the following classes (the "Class") pursuant to Federal Rule of Civil Procedure 23.

35. Plaintiffs propose the following Class definition, subject to amendment as appropriate:

> **National Do Not Call Registry Class**: All persons in the United States (1) whose telephone numbers were on the National Do Not Call Registry for at least 31 days (2) but who received more than one telephone solicitation telemarketing call (3) from or on behalf of Americas Health Center (4) with a 12-month period, (5) from four years prior the filing of the Complaint.

36. Plaintiffs are members of and will fairly and adequately represent and protect the interests of the Class as they have no interests that conflict with any of the class members.

37. Excluded from the Class are counsel, the Defendant, and any entities in which the Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

38. Plaintiffs and all members of the Class have been harmed by the acts of the Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their telephone power and network bandwidth, and the intrusion on their telephone that occupied it from receiving legitimate communications.

39. This Class Action Complaint seeks injunctive relief and money damages.

40. The Class as defined above is identifiable through the Defendant's dialer records, other phone records, and phone number databases.

41. Plaintiffs do not know the exact number of members in the Class, but Plaintiffs reasonably believe Class members number, at minimum, in the hundreds.

42. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.

43. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

44. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the class claims predominate over questions which may affect individual Class members.

45. There are numerous questions of law and fact common to Plaintiffs and to the proposed Classes, including but not limited to the following:

    (a) Whether the Defendant used made telemarketing calls;

    (b) whether Defendant systematically made multiple telephone calls to members of the National Do Not Call Registry Class;

    (c) whether Defendant made calls to Plaintiff and members of the Class without first obtaining prior express written consent to make the calls;

    (d) whether Defendant's conduct constitutes a violation of the TCPA; and

    (e) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

46. Further, Plaintiffs will fairly and adequately represent and protect the interests of the Class. Plaintiffs have no interests which are antagonistic to any member of the Class.

47. Plaintiffs have retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiffs and their counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class, and have the financial resources to do so.

48. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

49. The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

50. Plaintiffs are not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

## FIRST CAUSE OF ACTION
### Violation of the Telephone Consumer Protection Act
### (47 U.S.C. 227, et seq.)
### on behalf of the National Do Not Call Registry Class

51. Defendant violated the TCPA and the Regulations by making, or having its agent make, two or more telemarketing automated calls within a 12-month period on Defendant's behalf to Plaintiffs and the members of the National Do Not Call Registry Class while those persons' phone numbers were registered on the National Do Not Call Registry.

52. As a result of the Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiffs and National Do Not Call Registry Class members are entitled to an award of up to $500 in statutory damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

53. Plaintiffs and National Do Not Call Registry Class members are also entitled to and do seek injunctive relief prohibiting the Defendant from advertising their goods or services, except for emergency purposes, to any number on the National Do Not Call Registry in the future.

54. The Defendant's violations were knowing or willful.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually and on behalf of the Class, prays for the following relief:

A. Injunctive relief prohibiting Defendant from calling telephone numbers advertising their goods or services, except for emergency purposes, to any number on the National Do Not Call Registry in the future;

B. That the Court enter a judgment awarding Plaintiffs and all class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation;

C. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Classes the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class; and

D. Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs request a jury trial as to all claims of the complaint so triable.

Respectfully Submitted,

**Plaintiffs**, individually and on behalf of those similarly situated individuals

Dated: May 17, 2021

*/s/ Avi Kaufman*
Avi R. Kaufman (FL Bar no. 84382)
kaufman@kaufmanpa.com
Rachel E. Kaufman (FL Bar no. 87406)
rachel@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

*Counsel for Plaintiffs and the putative class*